IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCO ANTONIO VILLARREAL,

                        Case No. 6:12-cv-00493-ST

       Petitioner,

   v.

JEFF PREMO,

                       FINDINGS AND RECOMMENDATION

       Respondent.

     Nell Brown, Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

        Attorney for Petitioner

     Ellen F. Rosenblum, Attorney General
     Kristen E. Boyd, Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

        Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 alleging that he was the victim of ineffective assistance of counsel during his state-court sentencing. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #3) should be denied.

### BACKGROUND

On May 22, 2007, the Marion County Circuit Court indicted petitioner on ten counts of Robbery in the First Degree, two counts of Burglary in the First Degree, and one count each of Burglary in the Second Degree, Kidnapping in the Second Degree, and Unauthorized Use of a Vehicle. Respondent's Exhibit 102. Petitioner ultimately pled guilty to three counts of Robbery in the First Degree, one count of Burglary in the First Degree, and one count of Kidnapping in the Second Degree. Respondent's Exhibit 103. Pursuant to the Plea Agreement, the remaining 10 counts were dropped, and the parties remained free to argue the sentence to be imposed. *Id*.

At sentencing, the State argued that all five sentences should run consecutively, while petitioner's attorney advocated for concurrent sentences based upon the theory that petitioner's crimes were all part of a single incident and, therefore, justified only a single prison term. Respondent's Exhibit 105, pp. 10-11, 35. The trial court imposed consecutive sentences on four of the five

2 - FINDINGS AND RECOMMENDATION

convictions and imposed a total prison term of 286 months. Respondent's Exhibit 105, pp. 37-42.

Petitioner filed a direct appeal, but voluntarily dismissed that action. Respondent's Exhibit 106.

He next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibit 112. The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review. *Villarreal v. Mills*, 241 Or. App. 352, 250 P.3d 38, *rev. denied*, 350 Or. 297, 255 P.3d 489 (2011).

Petitioner filed this federal habeas corpus action on March 19, 2012, alleging that his trial counsel was constitutionally ineffective "for failing to object, argue, and preserve the imposition of consecutive sentences." Petition (docket #3), p. 6. Respondent argues that, to the extent petitioner fairly presented this claim to the Oregon state courts,[1] the decision denying relief is neither contrary to, nor an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).

///

///

///

---

[1] Respondent does not specifically argue that petitioner's claim was not fairly presented to the Oregon state courts.

## STANDARD OF REVIEW

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

*Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

## FINDINGS

Petitioner alleges that his trial counsel was constitutionally ineffective for failing to object, argue, and preserve for appeal his challenge to the imposition of consecutive sentences.  Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel.  *Knowles v. Mirzayance*, 556 U.S. 111, 122-23(2009).  First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense.  The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  *Id* at 696. When

5 - FINDINGS AND RECOMMENDATION

*Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

The PCR trial court determined that: (1) there was a legal basis under Oregon law for the imposition of consecutive sentences in petitioner's case; and (2) the trial judge made the findings necessary to impose consecutive sentences. Respondent's Exhibit 111, pp. 19-20. Respondent correctly states that the PCR trial court's determination of state sentencing law is not subject to federal review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Petitioner argues that although his sentence might have been permissible under Oregon law, trial counsel was still constitutionally ineffective when he failed to raise two viable and strong arguments at sentencing: (1) that the Burglary and Kidnapping were merely "incidental" to the robbery under ORS 137.123(a); and (2) that the commission of the Burglary and Kidnapping did not evidence an intent by petitioner to inflict "greater or qualitatively different" harm than inflicted by the Robbery under ORS 137.123(b).

Trial counsel did object to the imposition of consecutive sentences in this case. As the PCR trial court found, "the attorney in this case adamantly argued that the convictions arose out of the same act or course of conduct." Respondent's Exhibit 111, p. 20. The trial court specifically made findings to justify consecutive sentences under Oregon law, including that petitioner's crimes involved multiple victims and showed his willingness to commit more than one offense. *Id;* Respondent's Exhibit 105, pp. 40-41. Where the criminal trial court lawfully imposed these sentences, counsel was under no constitutional obligation to raise any additional objections to the valid sentences.

Even assuming that *Strickland* requires an attorney to raise an exhaustive list of potential objections to a valid sentence, then record contains no indication that the trial court was inclined to sentence petitioner to concurrent sentences where consecutive sentences were available. Indeed, the PCR trial court believed that the criminal trial judge had mistakenly imposed a concurrent 90-month sentence associated with petitioner's Count Two Robbery in the First Degree conviction when he had intended to impose that sentence consecutively. The PCR trial court even allowed a brief recess for petitioner's attorney to advise his client that success on his PCR claim could very well result in a significantly harsher sentence, but petitioner nevertheless elected to proceed with his challenge. Respondent's Exhibit 111, pp. 14-19.

7 - FINDINGS AND RECOMMENDATION

Because counsel was not obligated to raise additional objections to the proper imposition of consecutive sentences, and because the record shows that any such objections would not have been effective, the PCR trial court's decision denying relief on petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #3) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 28, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

///

8 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 10th day of January, 2013.

s/   Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION