IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**MARCO ANTONIO VILLARREAL**,

              Plaintiff,

    v.

**JEFF PREMO**,

              Defendant.

Case No. 6:12-cv-00493-ST

**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**

**SIMON, District Judge.**

    United States Magistrate Judge Janice M. Stewart issued findings and recommendations in this case on January 10, 2013. Dkt. 26. Judge Stewart recommended that the Petition for Writ of Habeas Corpus (Dkt. 3) be denied, the case dismissed with prejudice, and the court decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed objections to the Findings and Recommendation (Dkt. 26), to which Defendant responded. Dkt. 29. Petitioner objects to the portion of Judge Stewart's Findings and Recommendation that the habeas petition be denied in its entirety, that the case be dismissed with prejudice, and that no certificate of appealability be issued. For the reasons discussed below, this Court ADOPTS Judge Stewarts Finding and Recommendation, supplemented as follows.

## SUPPLEMENTAL ANALYSIS

### A. Background

Petitioner claims that he received ineffective assistance of counsel because his attorney failed to argue at sentencing that consecutive sentences, as opposed to concurrent sentences, were not appropriate for Petitioner's crimes because: (1) the burglary and kidnapping were

"merely incidental" to the robbery under Oregon Revised Statutes ("ORS") § 137.123 (5)(a); and (2) the commission of the burglary and kidnapping did not evidence intent on the part of Petitioner to inflict greater or qualitatively different harm than that inflicted by the robbery under ORS § 137.123 (5)(b). Petitioner argues that these arguments were viable, essential, and potentially persuasive and that they are different than the argument raised by Petitioner's trial counsel that the convictions arose from a single incident or course of conduct. Petitioner argues that the State post-conviction review failed to consider or make a determination as to the ineffectiveness of counsel for failing to argue the ORS § 137.123 elements and objects that Judge Stewart did not properly consider the failure of trial counsel to make these particular arguments. Petitioner's argument fails because the trial counsel's argument and the post-conviction court's ruling were broad enough to encompass arguments based on ORS § 137.123 and to the extent the § 137.123 arguments are so qualitatively different as not to be encompassed by trial counsel's arguments and the State post-conviction court ruling, those arguments were not exhausted and are not properly before this Court.

Trial counsel for Petitioner made several arguments at sentencing that are relevant to Petitioner's habeas claim, including: (1) the actions of Petitioner for which he was convicted occurred in a very short time frame; (2) the actions were spontaneous and planned in advance; (3) the persons affected were not targeted; (4) the acts involved a "single incident deserving of a single prison term;" (5) all the sentences should run concurrently; and (6) concurrent sentences would result in a 90-month sentence. Dkt. 19-1, pp. 71-72.

The sentencing judge ordered a concurrent sentence for one robbery count, consecutive sentences for two robbery counts, a consecutive sentence for the burglary count, and a consecutive sentence for the kidnapping count. The sentencing judge explained the consecutive

Page 3 – OPINION AND ORDER

sentences were warranted because: (1) the sentence needs to reflect the nature and extent of the conduct; (2) the robberies involved multiple victims; (3) the burglary showed a willingness on Petitioner's part to enter a stranger's home when Petitioner was being chased by the authorities; (4) Petitioner took a person out of a house in order to kidnap him; and (5) Petitioner was in full complicity with his accomplice. Dkt. 19-1, pp. 149-50. The sentencing judge, citing to ORS § 161.067, noted that there were separate victims in one criminal episode and separate statutes violated during one criminal episode. Dkt. 19-1, p. 150. The sentencing judge, both before and after pronouncing sentence, admonished Petitioner's egregious conduct, lack of respect, and numerous missed opportunities to turn his life around. Dkt. 19-1, pp. 146-51.

Petitioner filed an Amended Post-Conviction Brief, alleging that he received ineffective assistance of counsel because trial counsel failed adequately to (1) "argue that Petitioner's convictions arose out of the same act or course of conduct to justify imposition of a consecution [sic] sentence;" and (2) "object, argue, and preserve for appeal that the trial court erred in imposing a consecutive sentence for Burglary in the First Degree (Count 11) [because] counsel failed to argue this conviction arose out of the same act or course of conduct and does not clearly state the identity of the 'victim.'" Dkt. 19-1.

The State post-conviction court reviewed the sentencing transcript and expressed some concern that the sentencing judge may have erroneously ordered a concurrent sentence on the one robbery count, intending instead to order all consecutive sentences. Dkt. 19-1, pp 193-96. Before ruling on the post-conviction petition, the post-conviction court stated on the record that Petitioner be warned that his sentence may actually be increased if his petition were granted. *Id*. After Petitioner was so warned and requested on the record to continue with post-conviction review, the post-conviction court read aloud portions of the sentencing transcript, emphasizing

the portion discussing how the consecutive sentence for burglary was for the willingness to go to a private residence when being chased and take a person out of the house in order to kidnap him, which would justify consecutive sentences with regard to separate victims in one criminal episode or separate statutes during one criminal episode, and that the key "was the extent of the conduct." Dkt. 19-1, p. 196. The post-conviction court found that there was a legal basis for the sentence imposed, the sentencing judge made adequate findings to justify consecutive sentences, and the trial attorney had adequately argued that the convictions arose out of the same act or course of conduct. Dkt. 19-1, pp. 19-20.

## B. The Arguments Raised by Petitioner were Previously Addressed and are Unavailing

Under Oregon law, a court may impose consecutive sentences for convictions that do not arise from the same continuous and uninterrupted course of conduct. ORS § 137.123(2). A court may also impose consecutive sentences for separate convictions arising out of a continuous and uninterrupted course of conduct, if the court finds:

> (a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or
>
> (b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

ORS § 137.123(5).

Here, the findings of the trial court, although not citing to ORS § 137.123 specifically, were broad enough to encompass findings consistent with § 137.123. Failure of a sentencing court to make express findings under ORS § 137.123 and of a trial counsel to object thereto does

Page 5 – OPINION AND ORDER

not rise to the level of a constitutional violation if the trial court could have easily made such findings. *See Pendergrass v. Coursey*, 253 P.3d 69, 70 (Or. Ct. App. 2011). Here, the sentencing court emphasized the fact that Petitioner went into a private residence when being chased, and then took a person out of the house in order to kidnap him. These findings could readily translate into a finding that the burglary and kidnapping: (1) were not merely incidental to the robberies but an indication of a willingness to commit more than one criminal offense, or (2) created a risk of greater or different harm than robbery. As explained by the Oregon Court of Appeals:

> Although the trial court's findings were not couched in terms of ORS 137.123(5)(b), trial counsel could have reasonably understood the court's findings to address the requirements of the statute, or he could have reasonably concluded that, in light of those findings, it would be futile to raise an objection to consecutive sentences.
>
> * * *
>
> Those references appear to objectively fall within the scope of ORS 137.123(5)(b), which addresses the import of harm arising from criminal conduct that is qualitatively different than that ordinarily contemplated by a criminal charge based on the conduct.

*Snodgrass v. Lampert*, 150 P.3d 1109, 1112-13 (Or. Ct. App. 2007) (denying petition asserting ineffective assistance of counsel for counsel's failure to object to consecutive sentences under ORS § 137.123(5)). In this case, trial counsel could have reasonably concluded that the sentencing judge's findings addressed the requirements of ORS § 137.123, or could have reasonably concluded that, in light of those findings and the other strong statements made by the sentencing judge on the record, it would be futile to raise a specific § 137.123 objection.

Petitioner's counsel at sentencing argued that the convictions arose out of brief, spontaneous conduct that was a single occurrence, deserving of concurrent sentences. The sentencing court made express findings as to why it disagreed and imposed mostly consecutive sentences. Because the sentencing court's findings were not materially different from the factors

Page 6 – OPINION AND ORDER

required under ORS § 137.123(5), and the State post-conviction court reviewed the findings of the sentencing court and denied post-conviction relief, the proper ineffective assistance of counsel review standard is, as set forth in Judge Stewart's Findings and Recommendation, "doubly deferential." This Court has reviewed Judge Stewart's analysis of Petitioner's ineffective assistance of counsel claim and ADOPTS that analysis.

### C. Alternatively, to the Extent the Arguments were Not Previously Addressed, they were Not Adequately Preserved

As discussed above, this Court does not agree that the alleged potential arguments under ORS § 137.123 in this case are materially different from or were not impliedly addressed by the arguments made by trial counsel or the analyses of the state court and Judge Stewart relating to Petitioner's sentencing. To the extent such arguments are qualitatively different, as Petitioner argues before this Court, Petitioner failed to present the arguments throughout all levels of the state post-conviction process and thus failed to exhaust his state remedies on this argument.

In his post-conviction petition at the state trial court, Petitioner alleged that he received ineffective assistance of counsel for his counsel's failure to adequately argue that the convictions arose out of the same act or course of conduct to justify consecutive sentences. These are the arguments his trial counsel made and the lower courts ruled on, but that Petitioner now claims are constitutionally deficient and different from the arguments under ORS § 137.123. Petitioner did not, however, argue in his post-conviction petition that he received ineffective assistance of counsel because trial counsel failed to argue the elements of ORS § 137.123.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . . [and] must fairly present his claim in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the

Page 7 – OPINION AND ORDER

appropriate state court*s* (plural) in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). This means that a petitioner must pursue the claim "throughout one entire judicial postconviction process available in the state." *Id.* at 916. "Whether a claim is exhausted through a direct appellate procedure, a postconviction procedure, or both, the claim should be raised at all appellate stages afforded under state law *as of right* by that procedure." *Id*.

There is a procedural default for a federal habeas claim "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice or that failure to consider his federal claims will result in a fundamental miscarriage of justice. *Id*. at 750.

Under Oregon law, failure to raise a claim in a petition for post-conviction relief under ORS § 138.510 *et*. *seq*. waives such a claim. ORS § 138.550(3). Here, Petitioner failed to raise the claim of ineffective assistance of counsel specifically relating to trial counsel's failure to argue the elements of ORS § 137.123 in his amended post-conviction petition, thereby waiving that argument under Oregon law to the extent that argument is qualitatively different from the argument that his convictions arose out of a single occurrence or course of conduct. Because this argument is waived under Oregon law and the Oregon Court of Appeals could not now hear it, it is procedurally barred in this Court. *See Coleman*, 501 U.S. at 735 n.1. Further, the post-conviction petition is a post-conviction appellate stage afforded in Oregon as of right. *See* ORS § 138.510 *et*. *seq*. Thus, Petitioner failed to raise the argument at *all* appellate stages offered in

Page 8 – OPINION AND ORDER

Oregon as a matter of right, which results in a procedural default of Petitioner's federal habeas claim. *See Casey*, 386 F.3d at 916.

The Court does not find that Petitioner has made a showing of cause and prejudice in his failure properly to exhaust his claims, nor that failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, to the extent that the proposed arguments for concurrent sentences under ORS 137.123(5) are qualitatively different from the arguments made by Petitioner's counsel for concurrent sentences based on the fact that the convictions arose from a single occurrence or course of conduct, the Petition is denied as procedurally barred.

## CONCLUSION

Judge Stewart's Findings and Recommendation (Dkt. 26) is hereby ADOPTED, as supplemented herein. For the reasons discussed above and in Judge Stewart's Findings and Recommendation, Petitioner's Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED and this proceeding is DISMISSED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 9th day of April, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge